**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Briar's Creek Golf, LLC d/b/a<br>The Golf Club at Briar's Creek,<br><br>        Debtor. | Case No. 15-00712-jw<br><br>Chapter 11 |

### EX PARTE MOTION FOR ORDER ESTABLISHING BIDDING AND OTHER PROCEDURES IN CONNECTION WITH THE SALE OF ASSETS OF THE DEBTOR AND GRANTING PROTECTIONS TO THE PROPOSED PURCHASER AND MEMORANDUM IN SUPPORT

Briar's Creek Golf, LLC d/b/a The Golf Club at Briar's Creek ("Debtor" or "Seller"), by and through its undersigned counsel, hereby moves the court pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004, for an order approving bidding procedures in connection with the proposed sale of the Debtor's assets to Briar's Creek Holdings, LLC, a Delaware limited liability company, or its assigns ("Purchaser"), for a purchase price of $11,300,000, which consists of $7,400,000 in cash and assumption of the $3,900,000 secured debt owed to Edward L. Myrick, Sr., plus assumption of the post-closing liabilities under the Debtor's executory contracts (the "Purchase Price"). In connection with its acquisition of assets, the Purchaser has also committed to provide $2,000,000 to the new club formed by the Purchaser for its operations and capital improvements. Concurrent with the filing of this motion, the Debtor filed a Motion for Order Authorizing: (1) The Sale of Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pursuant to 11 U.S.C. § 363; and (2) Authorizing the Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. §365 ("Sale Motion").

In an effort to maximize the value of its estate for the benefit of creditors, the Debtor has required that the sale of the Purchased Assets, as defined in the Sale Motion, to the Purchaser remain subject to higher or otherwise better offers, and the Purchaser has required as a condition of its offer certain bid protections. In addition, in order to facilitate the sale of the Assets, the Debtor wishes to establish a procedure under which competing bidders may bid and may know the procedures governing the bidding process. Accordingly, the Debtor hereby seeks entry of an order: (i) establishing bidding and other sale procedures for the solicitation of higher or otherwise better offers; and (ii) granting protections to the Purchaser in the event it is not the successful purchaser. In support of this motion ("Motion"), Debtor would show as follows:

1

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 9, 2015 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is a private golf club on Johns Island, South Carolina with approximately 210 active members and is engaged in the business of operating its private golf club and developing certain real property holdings.

3. The Debtor's assets consist primarily of real estate, specifically including an 18-hole golf course, practice facilities, a clubhouse, dining and country club facilities, golf maintenance and storage buildings, eight (8) developed lots, unimproved land for development, as well as personal property, including cash, accounts receivable, two vehicles, a boat and motor, furniture, fixtures, equipment, inventory, golf course chemicals and supplies, and prepaid insurance.

4. The proposed sale is a sale of substantially all of the Debtor's assets, including real estate, personal property, furniture, fixtures, equipment, inventory, vehicles, contracts, permits, intellectual property, goodwill, and all documents and rights relating thereto as more fully described in the Asset Purchase Agreement (the "APA) filed as **Exhibit A** to the Sale Motion. The APA is hereby specifically incorporated herein by reference. The assets being sold shall, hereinafter, be referred to as the "Purchased Assets."

5. The proposed sale to Purchaser does not include the sale of the Debtor's cash and cash equivalents, accounts receivable, tax refunds, corporate records, insurance policies, and any avoidance claims under Chapter 5 of the Bankruptcy Code. The assets excluded from the sale shall, hereinafter, be referred to as the "Excluded Assets."

6. The Debtor is hereby requesting that the Court set a date for an auction and sale hearing (the "Sale Hearing") to occur approximately 65 days from the filing of the Sale Motion and this Bid Procedures Motion.

7. The Debtor requests that the Court enter an order establishing bid procedures (the "Bid Procedures Order") in the event Debtor receives a competing bid for the Purchased Assets as follows:

    a. Any bid from any persons or entity other than the Purchaser to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

        i. be in writing;

        ii. contain terms and conditions that are the same, or substantially similar, in all

material respects to the APA, other than the identity of the bidder and the amount of the Purchase Price;

    iii.    be accompanied by a written acknowledgment and agreement that the terms of the bid are substantially similar in all material respects to the APA, except for the identity of the bidder and the Purchase Price, and that the bidder, should it be declared the winning bidder, will enter into an APA with the Debtor confirming the terms of such winning bid;

    iv.    exceed the Purchase Price by at least Five Hundred Thousand and no/100 ($500,000);

    v.    include satisfactory evidence of the financial ability of the Qualified Competing Bidder to timely consummate the purchase for cash;

    vi.    include a deposit of Five Hundred Thousand and no/100 ($500,000) in certified funds payable to the trust account of counsel for the Debtor; and

    vii.    be received by the Debtor's counsel, G. William McCarthy, Jr., Esq. at 1517 Laurel Street, Columbia, SC or at bmmcarthy@mccarthy-lawfirm.com, and the Purchaser's counsel, Julio E. Mendoza, Jr., Esq. at 1230 Main Street, Suite 700, Columbia, SC 29201 or at rmendoza@nexsenpruet.com, no later than the close of business on the day that is at least five (5) business days prior to the scheduled auction and hearing on the Sale Motion. No bid shall be considered by the Debtor, after consultation with the secured creditors, or the Court unless it is a Qualified Competing Bid and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Debtor and any interested parties shall have the right to object to any bid being deemed, or not being deemed, a "Qualified Competing Bid."

    b.    Upon receipt of any Qualifying Competing Bid as described in paragraph 7(a) above, the Purchaser shall have the unconditional right to submit an overbid by delivering to the Debtor, no later than the beginning of the auction and Sale Hearing, two signed copies of an amendment to the APA in which the Purchase Price set forth therein at least equals the purchase price offered by the Qualified Competing Bidder pursuant to paragraph 7(a) above; thereby creating at least an additional Two Hundred and Fifty Thousand Dollars ($250,000) for the Debtor's estate because of the difference between the initial topping amount of the Qualified Competing Bid and the amount of the Due Diligence Reimbursement Fee as set out in more detail below. However, any higher bid of the Purchaser shall be subject to Debtor's acceptance of a still higher and better

bid submitted during the Sale Hearing in compliance with this section; provided, however, that such higher and better bid shall equal the sum of: (i) the Purchase Price under the amendment to the APA submitted by the Purchaser; plus (ii) an additional amount of at least Two Hundred Fifty Thousand and no/100 ($250,000) (a "Yet Higher Offer"). In the event of a Yet Higher Offer, Buyer and each Qualified Competing Bidder shall have the right to continue to submit an overbid in minimum amounts of at least $250,000 more than the previous bid, unless and until such time as the Purchaser or any other Qualified Competing Bidder elects not to make a further overbid.

      c.      In the event that any person or entity acquires the Purchased Assets other than due to a breach of the APA by the Purchaser, the Purchaser shall be entitled to payment from the sale proceeds of the Purchased Assets of (1) an amount to reimburse the Purchaser for due diligence costs incurred by the Purchaser (subject to appropriate documentation) in presenting and proceeding with its offer and the proposed transactions under the APA, and (2) a break-up fee of $75,000.00 to compensate the Purchaser for its time and efforts (such costs and the break-up fee collectively being defined in the APA as the "Due Diligence Reimbursement Fee"), which Due Diligence Reimbursement Fee shall not exceed $250,000.00 unless approved by the Court, and which payment shall be made at the closing of the sale of the Purchased Assets. This Due Diligence Reimbursement Fee shall serve as reimbursement for the Purchaser's reasonable expenses incurred in entering into the APA and for the benefit to the Debtor that the APA created in attracting other bids over and above the Purchase Price, which benefit the Debtor acknowledges.

      d.      In the event that a Qualified Competing Bid is received, the Debtor will request the Court to approve a "back up" bid. If the successful bidder is unable to close the sale within fourteen (14) business days of the entry of a final order approving the sale, the successful bidder shall forfeit its deposit made pursuant to paragraph 7(a)(vi) above, and the Debtor shall close the sale of the Assets to the "back up" bidder without the necessity of obtaining another order from this Court.

      e.      The deposit made by any Qualified Competing Bidder, pursuant to paragraph 7(a)(vi) above, who is not either the successful purchaser of the Assets or the "back up bidder" shall be returned to such Qualified Competing Bidder within three (3) business days after the Hearing. The deposit made by any Qualified Competing Bidder that is designated as a "back up" bidder shall be returned to such Qualified Competing Bidder within three (3) business days after the closing of the sale of the Assets to the winning bidder.

  f. Acceptance by the Debtor of a Qualified Competing Bid as a winning bid or a back-up bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing the Debtor to consummate the sale.

  g. If a Qualified Competing Bid is accepted by the Debtor as the winning bid or back-up bid, those Qualified Competing Bids shall remain open and irrevocable through closing of the sale of the Assets.

  h. Any dispute regarding any aspect of the foregoing bidding procedures shall be resolved by the Bankruptcy Court.

  8. The Purchaser has expended, and will further expend, a significant amount of time and costs, including but not limited to legal fees, in negotiating and finalizing the proposed sale and APA. Regardless of whether the Purchaser is the winning bidder, these negotiations and efforts will have enhanced the estate and increased the return to creditors of the estate. In recognition of that enhancement, the APA provides that in the event the Purchaser is not the winning bidder it shall be entitled to the Due Diligence Reimbursement Fee as described in paragraph 7(c) above. However, the Purchaser shall not be entitled to such Due Diligence Reimbursement Fee in the event that the failure to consummate the transactions contemplated by the APA is a direct result of a breach of the APA by the Purchaser and its failure to cure such breach after written notice thereof.

  9. The Debtor seeks entry of an order establishing the above-described bidding procedures and approving the Due Diligence Reimbursement Fee. In marketing assets, debtors often employ buyer protections in order to encourage the making of other purchase offers. These protections are "important tools to encourage bidding and to maximize the value of the debtor s assets." In re Integrated Resources. Inc, 147 B.R. 650, 659 (S.D.N.Y. 1992). Establishment of the bidding procedure will insure an orderly and fair mechanism for evaluating competing offers and will allow competing bidders an opportunity to increase their bid, thereby maximizing the value of the estate. See In Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558 (8th Cir. 1997)(stating that a bidding procedure avoids confusion and ensures that a sale is conducted according to the bidders' reasonable expectations); In re Gould, 977 F.2d 1038 (7th Cir. 1992)(holding that adoption of detailed bidding procedures was within the court's discretion).

  10. Approval of the Due Diligence Reimbursement Fee under the terms and conditions set forth above is a fair and equitable compensation to the Purchaser in the event that another Qualified Competing Bidder becomes the winning bidder and the sale to such other Qualified Competing Bidder closes. In the

present case, the maximum amount requested by the Purchaser as the Due Diligence Reimbursement Fee is less than 2.25% of the bid. Courts have routinely approved reimbursement fees to proposed buyers who were not the winning bidders. See, e.g., In re Integrated Resources, Inc., 135 B.R. 746, *aff'd* 147 B.R. 650, 662 (S.D.N.Y. 1992)(discussing approval of expense reimbursement agreements). See also In re Goe. W. Park Seed Co., Inc., Case No. 10-02341-jw (Banrk. D.S.C. July 10, 2010); In re Daufuskie Island Properties, LLC, Case No. 09-00389-jw (Bankr. D.S.C. October 29, 2009); In re PWG USA, LP, Case No. 07-02736-dd (Bankr. D.S.C. July 30, 2007); and In re Georgetown Steel Company, LLC, Case No. 03-13156-jw (Bankr. D.S.C. May 13, 2004).

WHEREFORE, having set forth the basis for its Motion, the Debtor requests that the Court enter an order approving the Motion and provide such other and further relief as the court may deem necessary and appropriate.

Date:   February 10, 2015                           McCARTHY LAW FIRM, LLC.
        Columbia, SC

                                    By:     /s/ Daniel J Reynolds, Jr.
                                            G. William McCarthy, Jr., I.D.#2762
                                            Daniel J. Reynolds, Jr., I.D.#9232
                                            W. Harrison Penn, I.D.#11164
                                            Attorneys for the Debtor
                                            1517 Laurel Street
                                            P.O. Box 11332
                                            Columbia, SC 29201-1332
                                            (803) 771-8836 (Phone)
                                            (803) 753-6960 (Fax)
                                            dreynolds@mccarthy-lawfirm.com