**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Briar's Creek Golf, LLC d/b/a<br>The Golf Club at Briar's Creek,<br><br>　　　　　　　　Debtor. | Case No. 15-00712-jw<br>Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S**
**FIRST DAY MOTIONS AND BIDDING PROCEDURES MOTION**

The United States Trustee (the UST) objects and responds[1] to the Debtor's first day motions. The first day motions include: (1) the motion for entry of an order authorizing the debtor to pay certain prepetition wage claims (the "Wage Motion"); (2) the motion and memorandum for order providing adequate assurance to utility companies pursuant to 11 U.S.C. § 366 (the "Utility Motion"); and (3) the motion for authorization to maintain the existing bank accounts and cash management systems (the "Cash Management Motion," and, collectively, the "First Day Motions"). On the same day that the First Day Motions were filed, the Debtor also filed an *ex parte* motion for an order establishing the bidding procedures and other procedures in connection with the proposed sale of the Debtor's assets (the "Bidding Motion"). The UST files this objection pursuant to the authority granted to her by 28 U.S.C. § 586 and 11 U.S.C. § 307.[2]

The grounds for this objection are:

**WAGE MOTION**

- The Wage Motion seeks authority to pay certain pre-petition wages and payroll taxes, in the amount of $74,210.36 and $8,244.95, respectively. As Exhibit A to the Wage Motion reflects, $13,750 of the pre-petition wages that the Debtor seeks to pay as part of the first-

---

　　[1]　　The UST has been in discussions with the Debtor's counsel who has been very cooperative. The UST believes that at least some of the issues raised herein may be resolved prior to the first-day hearings on February 13th.

　　[2]　　Further reference to Title 11 U.S.C. § 101, et. seq. will be by section number only.

1

    day motion consist of bonuses to be paid to three employees – ranging from $1,250 to $10,000. However, the Debtor has not met its burden to prove that the payments of bonuses within the first 21 days of the case are "necessary to avoid immediate and irreparable harm" as required pursuant to Federal Rule of Bankruptcy 6003 ("Rule 6003").

- The UST requests that no payments for bonuses be made as part of the first day relief sought by the Debtor, unless the requirements of Rule 6003 are met.

**CASH MANAGEMENT MOTION**

- The Cash Management Motion requests that the Debtor be allowed to maintain its existing bank accounts and cash management system and use its existing business forms and records. As reflected on Schedule B, the Debtor is currently holding its funds at South Coast Community Bank, and as of the date of the commencement of the case, Schedule B reflects that the Debtor had $419,841.50 in three different accounts at South Coast Community Bank as well as $93,637.37 in an escrow account at the same bank. South Coast Community Bank, however, is not an authorized depository in that it has not signed the Uniform Depository Agreement ("UDA") [3] and has indicated to the UST that it is not willing to do so.

- Bankruptcy Code § 345(b) provides that a debtor's funds shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States. 11 U.S.C. § 345(b). A debtor's funds may also be deposited in an entity that has posted a bond in favor of the United States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee. Id. A court can waive that requirement for "cause." Id. In this case, the Debtor seeks the relief sought because of the disruption that would be caused to its operations if it were required to open new bank accounts and also because the Debtor believes that "few, if any, funds in the Debtor's accounts at the conclusion of each day are not already insured or guaranteed by the United States as guaranteed by 11 U.S.C. § 345(b). However, because the funds in all the accounts exceed the $250,000 FDIC insurance per bankruptcy estate, as presently deposited, the funds are not insured.

- The Debtors have not established any cause – aside from convenience – for the Court to grant any waiver regarding compliance with § 345. The amounts at issue are substantial and they need to be protected for the benefit of the creditors of the Debtor's estate.

---

    [3]    The UDA requires the depository to maintain collateral, unless an order of the bankruptcy Court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit -- $250,000.

- Lastly, while the UST has no objection to the Debtor's continued use of its business forms, the UST requests that on a going forward basis the Debtor include the designation "Debtor in Possession" on all business forms and, once the current stock is depleted, that the new stock include such designation.

**BIDDING MOTION**

- Because the sale that is contemplated by the bidding procedures is in essence an "insider" deal,[4] the transaction should be subjected to a heightened scrutiny. The Bidding Motion and the sale motion (which is not to be heard on the first day) are both vague as to the marketing efforts that have taken place to date as well as the marketing efforts that will take place between now and the sale hearing. The proposed Bidding Procedures Order simply provides that "[t]he Debtor shall serve this Order and the Sale Motion on all creditors and parties in interest and any other entities that have shown an interest in purchasing the Purchased Assets." The UST requests that the Debtor provide more information as to how they propose to market the property and that the bidding procedures order provides who will be served with the bidding procedures documents.
- 

The UST asks the Court to deny the relief sought by the debtor, unless the debtor can adequately address each of these objections and any additional objections raised at the hearing.

The UST asks the Court to grant to the UST such other relief as is appropriate.

                            JUDY A. ROBBINS
                            UNITED STATES TRUSTEE
                            REGION FOUR

                            By: /s/ Elisabetta G. Gasparini
                            Elisabetta G. Gasparini, Id. 11548
                            Trial Attorney
                            1835 Assembly Street, Ste. 953
                            Columbia, SC 29201
                            (803) 765-5227
                            (803) 765-5260 (facsimile)
                            Elisabetta.g.gasparini@usdoj.gov

Date:  2/11/15

---

[4] The Purchaser under the APA is a newly formed entity that is owned by three of the Debtor's current members.

**CERTIFICATE OF SERVICE**

  I, Elisabetta G. Gasparini, do hereby certify that on February 11, 2015, I served the below-named documents upon the parties listed below by electronic mail.

**OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S FIRST DAY MOTIONS AND BIDDING MOTION**

**CERTIFICATE OF SERVICE**

G. William McCarthy, Jr.
Daniel J. Reynolds, Jr.
c/o McCarthy Law Firm, LLC
1517 Laurel Street
Columbia, SC 29201

      By: /s/ Elisabetta G. Gasparini
      Elisabetta G. Gasparini, Id. 11548
      Trial Attorney
      1835 Assembly Street, Ste. 953
      Columbia, SC 29201
      (803) 765-5227
      (803) 765-5260 (facsimile)
      Elisabetta.g.gasparini@usdoj.gov

Date:   2/11/15