**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Briar's Creek Golf, LLC,<br>d/b/a The Golf Club at Briar's Creek,<br><br>Debtor. | Case No. 15-00712-jw<br><br>Chapter 11 |

**ADDENDUM TO DEBTOR'S PLAN AND DISCLOSURE STATEMENT**

Filed by the Debtor in Possession
On March 31, 2015

The Plan of Liquidation ("Plan") and Disclosure Statement ("Disclosure Statement"), which were filed by Briar's Creek Golf, LLC d/b/a The Golf Club at Briar's Creek ("Debtor") on February 27, 2015 are hereby amended and supplemented to provide as follows:

1.  The Disclosure Statement, in Section II "History of the Debtor and Events Leading to the Filing of Bankruptcy," is hereby amended and supplemented to include the following:

The Purchased Assets under the APA (which is Exhibit H to the Disclosure Statement) include the declarant and developer rights in the Debtor's real property. Attached to this Addendum is the proposed Assignment of Declarant and Developer Rights, which more specifically states the Declaration (as defined therein) and the declarant and developer rights being transferred. The definition of the Purchased Assets in the APA states in section 2.1 that it includes Personal Property, which is defined under Article 1 to include Tangible Personal Property and Intangible Personal Property, and the Debtor is informed and believes that the definition of Intangible Personal Property in Article 1 of the APA includes the declarant and developer rights. Nonetheless, in the interest of clarity and eliminating any possible doubt, the Debtor makes this amendment to the Disclosure Statement.

Additionally, Purchaser has prepared its New Club Transition Plan and New Club Membership Plan as contemplated in Section 7.12 of the APA. These documents have been provided to the Debtor and disseminated to the Debtor's golf members. These new club documents are too voluminous to include with this addendum but can be reviewed upon written request to Debtor's counsel at bmccarthy@mccarthy-lawfirm.com or dreynolds@mccarthy-lawfirm.com. Upon execution of a non-disclosure agreement, interested bidders can also obtain these documents from Keen-Summit Capital Partners LLC, the Debtor's real estate advisor marketing the Purchased Assets for sale.

1

2. The Disclosure Statement in Section II "History of the Debtor and Events Leading to the Filing of Bankruptcy," is hereby amended and supplemented to include the following:

> Condemnation proceeds, if any, received after entry of the Final Order Approving Sale from the United States Bankruptcy Court will be paid to the successful purchaser at such sale and/or the Property Owner's Association ("POA") at Briar's Creek on terms and in amounts which are jointly acceptable to them. Condemnation proceeds, if any, received prior to such sale order will be paid to the Debtor and/or the POA on terms and in amounts that are jointly acceptable to them. In the event that the Debtor receives any condemnation proceeds prior to entry of the Final Order Approving Sale, such proceeds will be administered pursuant to Debtor's Plan. Debtor does not anticipate any condemnation proceeds being received before the closing.

3. The Disclosure Statement in Section II "History of the Debtor and Events Leading to the Filing of Bankruptcy," is hereby amended and supplemented to include the following:

> While the fair market value of the Debtor's real property will ultimately be determined through a sale, the Debtor believes that the proposed sale price of approximately $11,300,000 represents fair market value for the property. However, it should be noted that an appraisal in 2010 reflected a higher value and the current tax value of the property exceeds the Debtor's current estimated fair market value.

4. Exhibit K to the Disclosure Statement describes leases to be assumed by the successful purchaser. The Exhibit K to the Disclosure Statement referenced at Section II "Debts Owed and General Treatment Under Plan," is hereby supplemented and amended to include the following:

    a. John Deere Credit    Contract # xxx-006 Lease of Mower at $1,200.23/mo.; and

    b. John Deere Credit    Contract # xxx-007 Lease of Rool at $333.21/mo.

5. The Disclosure Statement at Section II under "Debts Owed and General Treatment Under Plan," is hereby supplemented an amended to reflect that the sum of unsecured debt owed both to Founders and Developers is an aggregate of $4,970,049.

6. The Disclosure Statement at Section II under "Debts Owed and General Treatment Under Plan," is hereby amended to correct a typographical error and show Patron debt in the amount of $2,930,533.89 as shown on Exhibit E to the Disclosure Statement.

7.  The Disclosure Statement at Section IV under "Bankruptcy and Other Causes of Action" is hereby amended and supplemented to clarify that at this time the Debtor does not believe any Chapter 5 causes of action have any value. Any funds remaining with the Debtor after will be distributed to Creditors pursuant to the terms of the Plan.

8.  The Disclosure Statement and Plan at Section V "Summary of Proposed Plan – Plan Classifications" is hereby supplemented and amended to show as follows:
    a.  <u>Class 2</u> Edward L. Myrick, Sr. as Unimpaired.
    b.  <u>Class 6</u> South Carolina Department of Revenue is hereby supplemented to include that the Debtor's Accounting software is not designed to give a proper cut-off mid-month, therefore operating assets and liabilities such as payables to the SCDOR were not properly shown and five (5) priority tax claims in the aggregate amount of $6,923.49 were paid post-petition for prepetition obligations. Such payments are shown in detail on the Debtor's Monthly Operating Report for the month of February 2015. Since it is proposed that these obligations be paid in full, the creditors of the Estate are not prejudiced.
    c.  <u>Class 9</u> General Unsecured Trade Vendors is hereby supplemented to include that the Debtor's Accounting software is not designed to give a proper cut-off mid-month, therefore six (6) payables to Trade Vendors in the aggregate amount of $1,512.27 were paid post-petition for prepetition obligations. Such payments are shown in detail on the Debtor's Monthly Operating Report for the month of February 2015. Since it is proposed that these obligations be paid in full, the creditors of the Estate are not prejudiced.
    d.  <u>Class 3</u> General Unsecured Creditors is amended to reflect approximately three (3) creditors in the class in the aggregate amount of approximately $66,373.

9.  The Disclosure Statement and Plan are amended such that any reference to Resigned Members shall reference 78 such members with approximate aggregate claims in the amount of $8,895,000. Exhibit D to the Disclosure Statement is supplemented, amended, and replaced with the attached Amended Exhibit D.

3

10. The Disclosure Statement and Plan at Section V "Summary of Proposed Plan is hereby amended and supplemented that pursuant to the Court's Order entered on March 12, 2015 (Doc 77), which is hereby incorporated by reference, **April 24, 2015 is established as the last day for a non-government creditor to file claims against the Debtor in this case.** August 10, 2015 will remain the deadline for filing of claims by government entities.

RESPECTFULLY SUBMITTED on this the 31st day of March 2015, at Columbia, South Carolina.

MCCARTHY LAW FIRM, LLC

By: /s/W. Harrison Penn
G. William McCarthy, Jr., I.D.#2762
Daniel J. Reynolds, Jr., I.D.#9232
W. Harrison Penn, I.D.#11164
*Attorneys for the Debtor in Possession*
1517 Laurel Street
P.O. Box 11332
Columbia, SC 29201-1332
(803) 771-8836
(803) 765-6960 (fax)
hpenn@mccarthy-lawfirm.com